IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL LITTLE, | § | |
| Plaintiff, | § | |
| VS. | § | NO. 3-11-CV-1502-G-BD |
| MANSFIELD POLICE DEPARTMENT, ET AL. | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Paul Little, a Texas pretrial detainee, against various state, county, and municipal law enforcement agencies, a Mansfield police officer, and three Ellis County deputy sheriffs. On July 8, 2011, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories then were sent to plaintiff to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on August 5, 2011 and September 7, 2011. The court now determines that plaintiff's claims should be dismissed in part and stayed in part.

II.

On or about September 30, 2010, plaintiff was involved in a high speed police chase on Highway 287 in Mansfield, Texas. After Texas DPS officers "flattened" his tires, plaintiff states that he immediately pulled over to the shoulder of the road, exited his vehicle, and showed his hands so the officers could see that he was unarmed. (*See* Plf. Compl. at 4, ¶ V). Plaintiff then heard two gunshots and ran to the safety of a nearby truck. (*Id.*). Ellis County Deputy Sheriff Chris Eadler approached the truck, pointed a gun at plaintiff, and allegedly said, "Get the f*** out of the truck, [or] I'll put one in your f****** head you dirty a** mother f****** N****." (*Id.*). According to plaintiff, Eadler then shot him in the leg without warning or provocation. (*Id.*; *see also* Mag. J. 2nd Interrog. #5). As plaintiff drove away, two unidentified Ellis County deputy sheriffs and Mansfield Police Officer Tom Hewitt fired multiple gunshots at the truck. (*See* Plf. Compl. at 4, ¶ V; Mag. J. 1st Interrog. #1). By this suit, plaintiff seeks $886,000 in damages and other relief. (*See* Mag. J. 1st Interrog. #2).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with

enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against the six law enforcement agencies named in his complaint -- the Mansfield Police Department, the Waxahachie Police Department, the Johnson County Sheriff's Office, the Navarro County Sheriff's Office, the Ellis County Sheriff's Office, and the Texas Ranger Division of the Texas Department of Public Safety. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Because plaintiff fails to allege or otherwise demonstrate that the six law enforcement agencies are separate legal entities having jural authority, his claims against these defendants must be dismissed. *See Johnson v. Jackson*, No. 3-09-CV-2045-G, 2010 WL 1233508 at *2 (N.D. Tex. Mar. 5, 2010), *rec. adopted*, 2010 WL 1233537 (N.D. Tex. Mar. 29, 2010), *appeal dism'd*, 414 Fed.Appx. 673, 2011 WL 700966 (5th Cir. Feb. 28, 2011) (recognizing that Kaufman County Sheriff's Department is not a separate legal entity having jural authority); *Youl Suh v. Dallas*

*Police Dept.*, No. 3-06-CV-2115-L, 2006 WL 3831235 at *2 (N.D. Tex. Dec. 29, 2006), *appeal dism'd*, No. 08-10233 (5th Cir. Apr. 30, 2008) (same as to Dallas Police Department).[1]

C.

To the extent plaintiff wants to bring criminal charges against the law enforcement officers who shot him, the court lacks jurisdiction to grant such relief. "[F]ederal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Williams v. Cintas Corp.*, No. 3-07-CV-0561-M, 2007 WL 1295802 at *2 (N.D. Tex. Apr. 10, 2007) (collecting cases), *rec. adopted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007). In order for a private right of action to exist, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Ali v. Shabazz*, 8 F.3d 22 (Table), 1993 WL 456323 at *1 (5th Cir. Oct. 28, 1993), *quoting Cort v. Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). Not only has plaintiff failed to adequately plead a violation of any federal criminal statute, but he cannot maintain a private right of action as a result of any such violation. *Id.*, *quoting Johnson v. Kegans*, 870 F.2d 992, 1005 n.4 (5th Cir.), *cert. denied*, 109 S.Ct. 3250 (1989) (Goldberg, J., dissenting) (corrective process under criminal statutes "lie[s] entirely within the discretion of a governmental body").

D.

That leaves plaintiff's excessive force claim against the individual defendants. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a state prisoner cannot bring a section 1983 action directly challenging his confinement unless and

---

[1] Even if plaintiff could sue these law enforcement agencies, he has failed to state a claim upon which relief can be granted. Plaintiff does not allege any wrongdoing on the part of the agencies. Instead, he names the law enforcement agencies as defendants only because they may possess evidence of wrongdoing by the individual officers. (*See* Plf. Compl. at 3, ¶ IV(B); Mag. J. 1st Interrog. #5-7; Mag. J. 2nd Interrog. #5).

until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence[.]" *Id.* If so, the claim is barred. *Id.*; *see also Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

Here, plaintiff is awaiting trial on a variety of criminal charges stemming from the police chase, including aggravated assault of a public servant. If plaintiff is convicted of that charge, *Heck* may bar his excessive force claim. *See Hainze*, 207 F.3d at 798; *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999). However, the Supreme Court has refused to extend *Heck* to pending criminal matters. *See Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S.Ct. 1091, 1098, 166 L.Ed.2d 973 (2007). In such circumstances, the proper procedure is to stay plaintiff's excessive force claim against the individual defendants "until the criminal case or the likelihood of a criminal case is ended." *Banks v. Gammon*, No. 3-08-CV-0474-K, 2008 WL 2404967 at *2 (N.D. Tex. Jun. 9, 2008), *citing Wallace*, 127 S.Ct. at 1098.

## **RECOMMENDATION**

Plaintiff's claims against the Mansfield Police Department, the Waxahachie Police Department, the Johnson County Sheriff's Office, the Navarro County Sheriff's Office, the Ellis County Sheriff's Office, and the Texas Ranger Division of the Texas Department of Public Safety should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). His excessive force claim against Mansfield Police Officer Tom Hewitt, Ellis County Deputy Sheriff Chris Eadler, and two unnamed Ellis County deputy sheriffs should be stayed until the state criminal charges against plaintiff are finally resolved. The clerk should be instructed to administratively close this case for

statistical purposes. Once the state criminal proceedings against plaintiff are concluded, he may file a motion to reopen the case.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 15, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE